**STATE OF VERMONT**
**SUPERIOR COURT - ENVIRONMENTAL DIVISION**

**Moran Plant Site Amendment**                                      **Docket No. 154-10-11 Vtec**

## Judgment Order

On October 19, 2011, 47 individuals (Appellants) appealed the City of Burlington (City) Development Review Board's (DRB's) September 22, 2011 approval of an amendment to the Moran Plant Project.  Appellants filed an amended appeal on November 7, 2011, along with their Statement of Questions. On January 6, 2012, Appellants filed a Motion for Party Status, accompanied by a proffer of evidence; however, they provided no evidenced through affidavits or otherwise.  As justification for not "participating" before the DRB, Appellants argue in their motion that all but three of the 47 individuals did not receive notice from the City as required by 24 V.S.A. Section 4464(a)(2).  The three remaining Appellants were present and spoke at the DRB hearing.

The City filed a Motion to Dismiss the appeal, a Motion to Strike the Statement of Questions, and an Opposition to Appellants' party status request. The City supported its filings with affidavits and exhibits.

On December 13, 2011, the Court held an initial status conference.  That conference was followed by a motions hearing on February 9, 2012 for all pending motions.  The hearing was held at the Superior Court, Civil Division, Burlington, Vermont; Judge Thomas G. Walsh presiding.  Attorney Samuel Hoar, Jr. appeared on behalf of Appellants.  Attorneys Kimberlee J. Sturtevant and Gregg Mayer appeared on behalf of the City.

The Court heard evidence and argument relating to Appellants' Motion for Party Status and the City's Motion to Dismiss and Motion to Strike the Statement of Questions.  The City called three witnesses who provided testimony and further evidence relating to issues of notice, adjoining landowner identification, and the scope of the permit amendment.  None of the Appellants appeared, testified or provided evidence.  Counsel for Appellants offered argument and cross-examined the City's witnesses.

At the conclusion of the evidentiary hearing, the Court took a brief recess to conduct its research and deliberations.  Judge Walsh returned to the courtroom to announce his findings of fact and conclusions of law on the record of the hearing.  This Judgment Order memorializes the legal determinations made at the hearing.

The Court concluded that Appellants' appeal of the DRB's permit amendment approval was timely filed. However, only three of the 47 Appellants appeared at the DRB proceedings, and the remaining 44 Appellants therefore had the burden of proving why they failed to "participate" below.[1] The Court recognized Attorney Hoar's proffer that these 44 Appellants received no notice of the 2011 DRB proceedings. The Court then found, based upon the evidence in the parties' pleadings and presented at the hearing, that the City complied with the notice requirements of 24 V.S.A. §4464(a)(1).[2] With respect to Appellant Vera B. Brodman, whose written notice was returned undeliverable, the Court found that the City also sent written notice to Ms. Brodman's sister Dorothy Brodman, a co-owner of the subject real property, and therefore the City had undertaken reasonable efforts in compliance with 24 V.S.A. §4464(a)(5). Thus, the Court concluded that the 44 Appellants received adequate notice. As such, the Court found that these 44 Appellants who did not "participate" below were without standing to appeal. The Court **DENIED** the 44 Appellants' Motion for Party Status and **GRANTED** the City's Motion to Dismiss these 44 Appellants.

As to the three Appellants who were present for the DRB proceedings, the Court found that regardless of whether their presence satisfied the "participation" requirement of party status, these three Appellants failed to provide any evidence of a physical or environmental impact under the Statement of Questions as related to the scope of the 2011 amendment proceedings. Based upon the evidence, the Court therefore **DENIED** these Appellants' Motion for Party Status and **GRANTED** the City's Motion to Dismiss, thereby concluding this case.[3]

This completes the proceedings before the Court in this matter.

Done at Berlin, Vermont this 15th day of February, 2012.

_____
Thomas G. Walsh,
Environmental Judge

---

[1] 10 V.S.A. § 8504(b) provides that "[w]ithin 30 days of the date of the act or decision, an interested person, as defined in 24 V.S.A. § 4465, who has participated as defined in 24 V.S.A. § 4471 in the municipal regulatory proceeding under that chapter may appeal to the environmental division an act or decision made under that chapter by a . . . development review board." (emphasis added).

[2] While Appellants argue that they were due notice pursuant to 24 V.S.A.§4464(a)(2), as the 2011 DRB proceeding was an amendment to conditional use approval, notice was required under 24 V.S.A. §4464(a)(1).

[3] As the matter was dismissed, the City's Motion to Strike the Statement of Questions was rendered moot.